IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WM. C. PLOUFFE, JR., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 11-6390 |
| | : | |
| v. | : | |
| | : | |
| MICHAEL GAMBONE, STEVE HICKS, | : | |
| JULIE REESE, ASSOCIATION OF | : | |
| PENNSYLVANIA STATE COLLEGE & | : | |
| UNIVERSITY FACULTIES, JOHN DOES, | : | |
| in their individual capacity and her official | : | |
| capacity as an APSCUF member, agent, | : | |
| representative, officer, supervisor, | : | |
| employee, and/or policymaker of APSCUF, | : | |
| PIETRO TOGGIA, MARK RENZEMA, | : | |
| and JONATHAN KREMSER, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                              April 27, 2016

This is the companion case to *Plouffe v. Cevallos, et al.*, No. 10-1502. The *pro se* plaintiff, William C. Plouffe, Jr. ("Plouffe"), filed this action as a separate lawsuit, rather than embedding it within the already-pending suit, because "the Court in 10-CV-1502 ha[d] ordered Plouffe not to file any more motions . . . until the interlocutory appeal on a collateral issue ha[d] been resolved." *See* Compl. at 2, Doc. No. 3.[1] But for the addition of different defendants and claims, the allegations appearing in the operative amended complaint largely track those appearing in the operative fifth amended complaint in the 2010 matter. *See* Am. Compl., Doc. No. 12. After early motion practice, Judge McLaughlin ruled that "[t]he only remaining claims in this lawsuit are the § 1983-based claims against defendants Gambone, Kremser, Renzema, and Toggia." Order, Doc. No. 29.

---

[1] The Honorable Mary A. McLaughlin presided over both matters at the time that order was entered.

These defendants now move for summary judgment on the remaining claims. *See* Mot. for Summ. J., Doc. No. 118. In responding to this motion as it concerns the First Amendment claims and the due process claim, Plouffe states that he "adopts and incorporates herein the arguments and authorities raised in his companion Response in 10-CV-1502 and in the interests of economy does not repeat it here." Resp. at 4, Doc. No. 169. Because the court has entered judgment in favor of the defendants on these claims in the 2010 action, the court likewise, and for the same reasons, enters judgment in favor of the defendants on these claims in this action. And yet again, it follows that because the court finds in favor of the defendants on the underlying constitutional violations, the court must necessarily enter judgment in their favor on the section 1983 conspiracy claim as well.[2] This matter is concluded.

The court will issue a separate order formally disposing of the outstanding motions.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[2] A copy of the memorandum opinion filed at *Plouffe v. Cevallos, et al.*, No. 10-1502 is incorporated into this opinion and attached hereto for ease of reference.